**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   <br>                                                 )  <br>         vs.                                    )       No. 1:05-cv-1480-SEB-VSS <br>                                                 )       IP 02-CR-035-B/F-01 <br> MICHAEL THOMPSON,              ) <br>                                                 ) <br>         Defendant.                      ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. In this case, defendant Michael Thompson ("Thompson") has failed to make such a showing. Accordingly, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** These conclusions rest on the following facts and circumstances:

1. On March 2, 2002, Thompson was indicted in this court for violating 18 U.S.C. §§ 922(g)(1) and 924(e) (felon in possession of ammunition). He was found guilty of this charge after jury trial on June 25, 2002. He was sentenced on October 29, 2002, with the court finding that Thompson's total offense level was 24 and his criminal history category to be VI. This resulted in an imprisonment range of 100 to 120 months. He was sentenced to an executed term of 120 months (concurrent to a state sentence Thompson was already serving), to be followed by three years of supervised release. Thompson's conviction was affirmed on appeal in *United States v. Thompson,* 359 F.3d 470 (7th Cir. 2004). The Supreme Court then denied his petition for certiorari. *See Thompson v. United States,* 543 U.S. 844 (2004).

2. Thompson now seeks relief from his conviction pursuant to 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow. A defendant is entitled to relief under § 2255 where the error is jurisdictional, constitutional or is a fundamental defect which inherently results in a complete miscarriage of justice. *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.), *cert. denied,* 516 U.S. 904 (1995).

      3.      Thompson's claim is that he was denied the effective assistance of counsel. The specifications supporting this claim are that: a) his attorney was ineffective at sentencing for allowing the enhancement of Thompson's sentence based upon the same predicate convictions set forth in his Indictment; b) his attorney was ineffective at sentencing for failing to object to a prior conviction for battery being deemed a "crime of violence" for sentencing purposes; and c) his attorney was ineffective for not arguing that, pursuant to Indiana law, Thompson's civil rights had been fully and completely restored.

      4.      A claim of this nature is evaluated under the two-pronged test outlined in *Strickland v. Washington,* 466 U.S. 668 (1984).

> Under *Strickland,* a defendant alleging ineffective assistance of counsel must show that trial counsel's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland[']s* first element requires proof that the petitioner's trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Our review of the attorney's performance is "highly deferential" and reflects "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). The second part of the *Strickland* inquiry requires a showing of prejudice, that is, proof that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. A "reasonable probability" of a different result is one sufficient to undermine confidence in the outcome." *Id.* at 694.

*Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). Under the *Strickland* performance prong, an appellate counsel's performance is deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims raised. *See Winters v. Miller,* 274 F.3d 1161, 1167 (7th Cir. 2001). To establish the *Strickland* prejudice prong, a petitioner must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Lee v. Davis,* 328 F.3d 896, 901 (7th Cir. 2003) (there must be reasonable probability that issue not raised would have altered outcome of appeal).

      5.      Thompson's specifications of attorney ineffectiveness do not entitle him to relief. In each instance, the lynchpin is the principle that "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001).

> a.      Thompson's sentence was enhanced based upon the same predicate offenses set forth in the Indictment. This did not violate double jeopardy principles, however, because the use of a prior conviction to enhance a sentence does not violate the Double Jeopardy Clause.

> Historically, we have found double jeopardy protections inapplicable to sentencing proceedings, because the determinations at issue do not place a defendant in jeopardy for an "offense." Nor have sentence enhancements been construed as additional punishment for the previous offense; rather, they act to increase a sentence "because of the manner in which [the defendant] committed the crime of conviction." *United States v. Watts,* 519 U.S. 148, 154, 117 S. Ct. 633, 636, 136 L.Ed.2d 554 (1997) (per curiam). An enhanced sentence imposed on a persistent offender thus is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Monge v. California,* 524 U.S. 721, 728 (1998)(some internal quotations and citations omitted); *see also Moore v. Anderson,* 222 F.3d 280, 285 (7th Cir. 2000). Thompson's first contention of attorney ineffectiveness thus fails because it was not deficient performance for his attorney to not object to the enhancement of Thompson's sentence based upon the same predicate offenses set forth in the Indictment.

b.      Thompson asserts that his counsel was ineffective for not asserting that Thompson's Indiana conviction for battery was not a crime of violence and thus was not a proper prior conviction for sentence enhancement purposes. No such assertion, however, would have been advantageous to Thompson. In determining whether the defendant's prior convictions qualify, courts are limited to examining "'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *United States v. McGee,* 408 F.3d 966, 988 (7th Cir. 2005) (quoting *Shepard v. United States,* 125 S. Ct. 1254, 1257 (2005)). Thompson's battery conviction was issued in an Indiana state court on February 1, 1996, and was associated with the charge that "Michael Thompson, on or about August 18, 1994, did knowingly touch B. Wright, a law enforcement officer . . . in a rude, insolent, or angry manner, that is: struck with fists, while said officer was engaged in his official duty, which resulted in bodily injury . . . ." This conviction falls within the description outlined in 18 U.S.C. § 924(e)(2)(B)(I). Thompson's Indiana felony conviction for battery is a crime of violence for federal sentencing purposes. *United States v. Baskin,* 886 F.2d 383, 389 (D.C.Cir. 1989)(under the sentencing guidelines, "a crime is one of violence . . . if it is defined under state law as requiring proof of the requisite use of force (or attempted or threatened use of force), regardless of how the state may characterize the crime . . . ."), *cert. denied,* 494 U.S. 1089 (1990).

c.      If the defendant's civil rights have been substantially restored under state law, including his right to carry the weapon for which he is charged, then he cannot be convicted under § 922(g). *See United States v. Huss,* 7 F.3d 1444, 1445 (9th Cir. 1993). An individual's civil rights are deemed restored, for purposes of § 921(a)(20), when he or she has had restored the right to vote, hold office, and to serve on a jury. *See United States v. Gillaum,* 372 F.3d 848, 860 (7th Cir. 2004). Thompson

contends that he falls within this exception, and that his attorney was ineffective for not making the argument. In order to determine whether a convicted felon's civil rights have been restored within the meaning of 18 U.S.C. § 921(a)(20), a court must consider the "whole of state law" at the time of restoration. *See Huss,* 7 F.3d at 1445. Although Thompson argues that his civil rights have been restored under Indiana law, the law of the Seventh Circuit is clearly otherwise. *See United States v. Thompson,* 117 F.3d 1033, 1034-35 (7th Cir. 1997) (discussing *United States v. McKinley,* 23 F.3d 181, 183 (7th Cir. 1994), and *United States v. Lee,* 72 F.3d 55, 57 (7th Cir. 1995), as precedent, and explaining that *Beecham v. United States,* 511 U.S. 368, 114 S. Ct. 1669 (1994), does not require a different result). "[A]bsent a pardon or expungement, a state must enact a general statute substantially restoring a convicted felon's civil rights in order to exempt him from prosecution under § 922(g)." United States v. McKinley, 23 F.3d 181, 183 (7th Cir. 1996). "Indiana has no such statute." *Id.,* 23 F.3d at 183. "Indiana [law] does not automatically restore [a] convicted felon's rights to carry guns." *United States v. Lee,* 72 F.3d 55, 57 (7th Cir. 1996).

6. For the reasons explained above, Thompson is not entitled to relief in this action. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 10/26/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana